■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIGOBERTO HENRIQUEZ, Appellant.—Appeal to this court by

defendant-appellant from a judgment of the Supreme Court, New York County (George Roberts, J.), rendered June 17, 1985, convicting him, upon his guilty plea, of criminal possession of a controlled substance in the second degree, held in abeyance pending further proceedings in Supreme Court to clarify the record regarding entry of defendant's plea and the matter remanded for such clarification. The motion of assigned counsel for leave to withdraw as appellate counsel is granted, new counsel is to be assigned pursuant to section 722 of the County Law, and argument of the appeal is to be heard before the panel of this court hearing appeals on the day of the rescheduled argument hereof.

Assigned counsel has submitted a brief pursuant to *People v Saunders* (52 AD2d 833), and has moved for leave to withdraw as appellate counsel *(Anders v California,* 386 US 738). However, upon review of the record submitted on appeal, the minutes do not reflect that the defendant's plea was duly entered prior to sentencing.

On April 30, 1985, the defendant entered a guilty plea. The indictment had charged him with criminal possession of a controlled substance in the first degree, committed in the County of New York. On the allocution, the following transpired:

"THE COURT: Where were you when you were arrested in possession of this drug?

"THE DEFENDANT: In my car.

"THE COURT: Where was your car?

"THE DEFENDANT: White Castle—Atlantic Avenue in Brooklyn.

"THE COURT: In Brooklyn? Take the plea but do not enter it. I am telling you now the plea is not being entered * * * It is a legal technicality or an illegal one. Is he going to be out? Yes, well, take the information. If he doesn't come back, I will enter it in his absence and issue a warrant."

As stated, the minutes do not reflect the entry of the plea on that date or on June 17, the date of sentence.

We therefore remand the matter to Supreme Court for further proceedings to clarify the record regarding entry of defendant's plea. As it appears that there may be at least one issue for consideration on this appeal, the motion of assigned counsel to withdraw is granted and new counsel shall be assigned for purposes of this appeal *(People v Casiano,* 67 NY2d 906 [1986]). Concur—Sullivan, J. P., Ross, Milonas, Rosenberger and Ellerin, JJ.